**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| BRANDON THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 0:23cv60069 |
| ) | |
| FIRST FEDERAL CREDIT CONTROL, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, BRANDON THOMPSON ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, FIRST FEDERAL CREDIT CONTROL, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims

1

contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Cooper City, Broward County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Cleveland, Cuyahoga County, State of Ohio.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various

means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around March 2022, Defendant began placing calls to Plaintiff on Plaintiff's telephone at ▇▇▇▇▇▇-8965, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 866-446-4076 and 954-332-2628, which are two of Defendant's telephone numbers.

23. On or about March 1, 2022, Plaintiff answered Defendant's call and spoke with one of the Defendant's female collectors.

24. During the immediately above-referenced conversation:

    a. Defendant's female collector demanded for Plaintiff to pay $60 immediately.

    b. Plaintiff disputed owing the alleged debt.

    c. Defendant's female collector threatened to place the account on Plaintiff's credit report if Plaintiff did not agree to pay the alleged debt.

    d. Plaintiff requested for Defendant to stop calling him.

25. Despite the foregoing, Defendant continued to call Plaintiff's telephone unabated in an attempt to collect the alleged debt.

26. In or around April 2022, and after Defendant communicated with Plaintiff, Defendant

3

placed a call to Plaintiff's mother, Layia.

27. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

29. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, when Defendant called Plaintiff's mother after Defendant located Plaintiff;

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him;

   c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him;

   d. Defendant violated § 1692e(10) of the FDCPA by using any false representation

4

or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, when Defendant called Plaintiff's mother after Defendant located Plaintiff and after Plaintiff requested for Defendant to stop calling him;

e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after Plaintiff orally disputed owing the alleged debt; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, BRANDON THOMPSON, respectfully requests judgment be entered against Defendant, FIRST FEDERAL CREDIT CONTROL, INC., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

33. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the FCCPA based on the following:

    a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him and when Defendant called Plaintiff's mother after Defendant located Plaintiff.

WHEREFORE, Plaintiff, BRANDON THOMPSON, respectfully requests judgment be entered against Defendant, FIRST FEDERAL CREDIT CONTROL, INC., for the following:

35. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

36. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

37. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: January 16, 2023   By:     /s/ Shireen Hormozdi Bowman
Shireen Hormozdi Bowman
SBN: 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093

Tel: 678-395-7795  
Fax: 866-929-2434  
shireen@agrusslawfirm.com  
shireen@norcrosslawfirm.com  
Attorney for Plaintiff